237 U.S. 94, 35 S.Ct. 494, 59 L.Ed. 853, L.R.A. 1915E, 665; Pettibone v. Richardson, 7 Cir., 126 F.2d 969; Montpelier & Wells River Road v. Caldbeck-Cosgrove Corp., 110 Vt. 390, 8 A.2d 681.

We agree with this conclusion of the Circuit Court of Appeals in the case of Standard Rice Co., Inc. v. Southern Pacific Co., supra: "The shipments in question originated within the corporate limits of Houston and no rail line haul was made or used as contemplated by the tariff. Moreover, the defendant cannot originate its shipments at Houston and later obtain relief on the theory that it would have originated them elsewhere had it known, or had the plaintiff told it, that the 26 cent rate was not the legal rate on shipments originating in Houston. Defendant could take nothing by being advised that the wrong rate had been quoted. The fact remains that the shipments did originate in Houston and of necessity if rice was to be moved later it could only be moved by the legal rate from that point. Therefore, the legal rate for shipments originating there must be paid. * * * "

It is ordered that the judgments of both courts below be reversed and that judgment be here rendered in favor of petitioner for the stipulated amount above set out.

Opinion adopted by the Supreme Court.

## CAIN v. STATE.
### No. 22774.

Court of Criminal Appeals of Texas.
March 1, 1944.

Gray Browne, of Abilene, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant was convicted for the offense of driving an automobile upon a public highway while intoxicated, and his punishment was assessed at a fine of $50.

The complaint and information appear to be in proper form. The record is before this court without statement of facts or bills of exceptions. Nothing is presented for review.

The judgment therefore is affirmed.

## BROADWELL v. STATE.
### No. 22771.

Court of Criminal Appeals of Texas.
March 1, 1944.

G. Q. Youngblood, of Dallas, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

Upon his plea of guilty to the offense of misdemeanor theft, appellant was assessed a punishment of 60 days in jail.

No statement of facts or bills of exception accompany the record.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.